United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANTONIO URIBE,

Petitioner,

v.

KAMALA HARRIS, Attorney General of the State of California,

Respondent.

Case No. 5:12-cv-03754-EJD

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Re: Dkt. No. 5

In this habeas action under 22 U.S.C. § 2254, Petitioner Antonio Uribe ("Uribe") challenges a conviction and sentence imposed by the San Francisco Superior Court on April 9, 1997. Respondent Kamala Harris, in her capacity as the California Attorney General (the "State"), moves to dismiss the Petition for lack of subject matter jurisdiction. See Docket Item No. 5. In support of the motion, the State argues that Uribe can no longer be considered "in custody" on the state sentence. Because the court agrees, the State's motion will be granted and the Petition will be dismissed for the reasons explained below.

## I. BACKGROUND

According to the Petition and its attachments, a two-count complaint was filed on August 16, 1996, in San Francisco Superior Court charging Uribe with violations of California Health and Safety Code §§ 11351 (possession or purchase of a controlled substance for sale) and 11352 (transport or sale of a controlled substance). He pled guilty to one violation of § 11351 on April 9, 1997, and the § 11352 violation was dismissed. On April 30, 1997, Uribe was sentenced to 75 days in county jail and a three-year term of probation.

Uribe admitted to a violation of probation on October 23, 1997, and was sentenced to six

months in county jail as well as an extension of probation. The extended term of probation expired on May 25, 2000.

Uribe thereafter petitioned the San Francisco Superior Court for a writ of coram nobis and a writ of habeas corpus. The Superior Court denied both petitions on January 4, 2008. A second habeas petition was denied by the Superior Court on June 2, 2011, as were similar petitions made to the California Court of Appeal and California Supreme Court, which courts denied relief on August 5, 2011, and February 22, 2012, respectively. The instant Petition followed on July 18, 2012.

**II. DISCUSSION**

In the Petition, Uribe implies that he is now facing possible immigration consequences as a result of his involvement in the state criminal action. Relying primarily on Padilla v. Kentucky, 559 U.S. 356 (2010), he contends that the state conviction must be vacated and the guilty plea withdrawn because his trial counsel was ineffective for failing to advise him that immigration consequences may ensue from a guilty plea. In response, the State challenges federal subject matter jurisdiction by noting that Uribe is no longer "in custody" on the state conviction. The State's challenge is well-taken.

The plain language of § 2254 makes clear that a petitioner must be "in custody pursuant to the judgment of a State court" at the time a habeas challenge is filed. 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'"); Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (observing that the "'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'"). A failure to satisfy the "in custody" requirement compels dismissal of the petition. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) ("A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter

United States District Court
Northern District of California

jurisdiction.").

Here, Uribe does not directly address his present custodial status. Instead, he appears to concede that his state sentence fully expired when probation terminated on May 25, 2000. Accordingly, since Uribe was no longer "in custody" pursuant to the state court judgment by that date, this court lacked jurisdiction to adjudicate the instant Petition when it was filed twelve years later.

Uribe cites to Padilla in an effort to avoid that conclusion. In Padilla, the United States Supreme Court held that, under the Sixth Amendment, defense "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. at 374. Uribe takes that holding further, arguing the Court also held that immigration consequences flowing from a guilty plea are a direct result of a conviction rather than a collateral one. And based on that contention, he requests this court find him "in custody" due to the immigration consequences which resulted from the state conviction.

The critical problem with this argument comes in the form of a subsequent clarification. Three years after its decision in Padilla, the Supreme Court held in Chaidez v. United States that the new rule recognized in Padilla does not apply retroactively. 133 S. Ct. 1103, 1105. As such, the Court unequivocally stated that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at 1113. There is no doubt that Uribe's conviction became final long before the Court handed down Padilla in 2010. Thus, no matter Padilla's holding and its discussion of whether immigration consequences are direct or collateral, Uribe simply cannot rely on it.[1]

Since Padilla does not apply to his conviction, Uribe is subject to the relevant Ninth Circuit authority in existence at the time. That Ninth Circuit considered collateral immigration

[1] Uribe attempts to preclude application of Chaidez by arguing that the "new rule" recognized in Padilla - that defense counsel must address potential immigration consequences with the client - was not a new one under California law. But this Petition arises under federal habeas law. Thus, regardless of California's position on the issue prior to Padilla, Chaidez makes clear that Padilla announced a "new rule" under federal law which cannot be applied retroactively. 133 S. Ct. at 1105.

consequences insufficient to satisfy § 2254's "in custody" requirement. Resendiz, 416 F.3d at 956-57. Accordingly, under Resendiz, Uribe is not "in custody" for the purposes of a § 2254 challenge to the state conviction. His Petition must be dismissed because this court does not have jurisdiction to adjudicate it.

**III. ORDER**

Based on the foregoing, the State's Motion to Dismiss (Docket Item No. 5) is GRANTED and the Petition is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. Judgment will be entered in favor of the State and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 24, 2015

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California